THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian tribe,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>　　　　　　　　　Defendant. | No. 2:15-cv-00543-RSL<br><br>**BNSF RAILWAY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, TRESPASS, AND BREACH OF CONTRACT** |

Pursuant to Federal Rules of Civil Procedure 8 and 15(a)(1)(A), defendant BNSF Railway Company ("BNSF"), through its counsel of record, hereby answers and asserts defenses and affirmative defenses to plaintiff's Complaint for Declaratory Judgment, Injunctive Relief, Trespass, and Breach of Contract ("Complaint"). BNSF's answer, defenses, and affirmative defenses are based on information and knowledge thus far secured by BNSF, and BNSF reserves the right to further amend or supplement its answer, defenses, or affirmative defenses based on facts later discovered, pleaded, or offered. To the extent that any express or implied allegations in the Complaint are not specifically admitted herein, BNSF denies such allegations.

BNSF RAILWAY COMPANY'S AMENDED
ANSWER TO COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF, TRESPASS,
AND BREACH OF CONTRACT - 1
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

# ANSWER

## I.   PARTIES

1.1   BNSF admits that plaintiff occupies the Swinomish Indian Reservation, but lacks information or knowledge sufficient form a belief as to the truth or falsity of the remaining allegations set forth in the Complaint's paragraph 1.1 and on that basis denies the allegations.

1.2   BNSF admits the allegations set forth in the Complaint's paragraph 1.2.

## II.   JURISDICTION AND VENUE

2.1   The allegations set forth in the Complaint's paragraph 2.1 contain legal conclusions to which no response is required.  To the extent a response is required, BNSF denies that this Court has subject matter jurisdiction, in whole or in part, over the claims plaintiff asserts in this action.

2.2   The allegations set forth in the Complaint's paragraph 2.2 contain legal conclusions to which no response is required.  To the extent a response is required, BNSF denies that this Court has subject matter jurisdiction, in whole or in part, over the claims plaintiff asserts in this action.

2.3   The allegations set forth in the Complaint's paragraph 2.3 contain legal conclusions to which no response is required.  To the extent a response is required, BNSF denies that this Court has jurisdiction, in whole or in part, to grant plaintiff's requested relief.

2.4   The allegations set forth in the Complaint's paragraph 2.4 contain legal conclusions to which no response is required.  To the extent a response is required, BNSF denies that this Court is an appropriate venue for this action for the aspects of plaintiff's claims that are subject to mandatory arbitration.

## III.   FACTUAL ALLEGATIONS

3.1   BNSF admits that plaintiff occupies certain reservation lands known as the Swinomish Reservation, that these lands are located on the Southeastern end of Fidalgo Island

BNSF RAILWAY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, TRESPASS, AND BREACH OF CONTRACT - 2
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ׀ Tel: 206.839.4800

1  in Skagit County, Washington, and that these lands are held in trust for plaintiff by the United
2  States.  BNSF lacks information or knowledge sufficient to form a belief as to the truth or
3  falsity of the remaining allegations set forth in the Complaint's paragraph 3.1 and on the basis
4  denies the allegations.

5        3.2      BNSF admits the allegations set forth in the Complaint's paragraph 3.2.

6        3.3      The allegations set forth in the Complaint's paragraph 3.3 contain legal
7  conclusions to which no response is required.  To the extent a response is required, BNSF
8  admits that plaintiff and BNSF are parties to a Right-of-Way Agreement dated July 19, 1991,
9  that a representative of the Bureau of Indian Affairs of the U.S. Department of the Interior
10 executed the Right-of-Way Agreement, and that the document speaks for itself.  BNSF denies
11 the remaining allegations set forth in the Complaint's paragraph 3.3.

12       3.4      BNSF admits that the Right-of-Way is on the north end of the Reservation.
13 BNSF lacks information or knowledge sufficient form a belief as to the truth or falsity of the
14 allegations set forth in the Complaint's paragraph 3.4 and on that basis denies the remaining
15 allegations.

16       3.5      BNSF lacks information or knowledge sufficient form a belief as to the truth or
17 falsity of the allegations set forth in the Complaint's paragraph 3.5 and on that basis denies the
18 allegations.

19       3.6      BNSF states that the Treaty of Point Elliot and the court's order in *United States*
20 *v. Washington* speak for themselves.  BNSF lacks information or knowledge sufficient to form
21 a belief as to the truth or falsity of the remaining allegations set forth in the Complaint's
22 paragraph 3.6 and on that basis denies the allegations.

23       3.7      BNSF admits that the Right-of-Way crosses a bridge over the Swinomish
24 Channel and a bridge across Padilla Bay, both of which are within the Reservation.  BNSF
25 further states that the court's order in *United States v. Washington* speaks for itself.  BNSF
26 lacks information or knowledge sufficient to form a belief as to the truth or falsity of the

BNSF RAILWAY COMPANY'S AMENDED
ANSWER TO COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF, TRESPASS,
AND BREACH OF CONTRACT - 3
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ı Tel: 206.839.4800

remaining allegations set forth in the Complaint's paragraph 3.7 and on that basis denies the allegations.

3.8   BNSF admits that the Right-of-Way Agreement was a result of a settlement of a prior lawsuit between plaintiff, the United States of America, and Burlington Northern Railroad Company. The allegations in that lawsuit speak for themselves. BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.8.

3.9   The allegations set forth in the Complaint's paragraph 3.9 contain legal conclusions to which no response is required. To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 3.9.

3.10   BNSF states that the Right-of-Way Agreement speaks for itself, and that BNSF makes annual rental payments to plaintiff which are subject to periodic adjustments. BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.10.

3.11   BNSF admits that a representative of the Bureau of Indian Affairs of the Department of the Interior executed the Right-of-Way Agreement. The remaining allegations set forth in the Complaint's paragraph 3.11 contain legal conclusions to which no response is required. To the extent a response is required, BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.11.

3.12   BNSF states that the Right-of-Way Agreement speaks for itself and denies the remaining allegations set forth in the Complaint's paragraph 3.12.

3.13   BNSF denies the allegations set forth in the Complaint's paragraph 3.13.

3.14   BNSF lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of the Complaint's paragraph 3.14 and on that basis denies the allegations. BNSF denies the allegations set forth in the second sentence of the Complaint's paragraph 3.14. BNSF admits that the parties corresponded regarding the Right-of-Way Agreement and that BNSF is currently running approximately six 100-car unit trains per week over the Right-of-Way in each direction and denies the remaining

BNSF RAILWAY COMPANY'S AMENDED
ANSWER TO COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF, TRESPASS,
AND BREACH OF CONTRACT - 4
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

allegations set forth in the third sentence of the Complaint's paragraph 3.14.  BNSF admits that plaintiff has thus far refused to consent to the current level of rail traffic over the Right-of-Way and denies the remaining allegations set forth in the fourth sentence of the Complaint's paragraph 3.14.

3.15    BNSF admits that it has corresponded in writing with plaintiff as recently as March 13, 2015, regarding the Right-of-Way Agreement, that the correspondence speaks itself, and that the two parties were unable to reach agreement about the Right-of-Way Agreement. BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.15.

3.16    BNSF admits that it is currently running approximately six 100-car unit trains per week over the Right-of-Way in each direction and denies the remaining allegations set forth in the Complaint's paragraph 3.16.

3.17    BNSF admits that the number of tank cars crossing plaintiff's reservation may increase upon completion of a proposed crude oil facility located at Match Point and denies the remaining allegations set forth in the Complaint's paragraph 3.17.

3.18    BNSF admits that it transports trains with approximately 100 cars to the Tesoro refinery at Match Point at the request of the shipper and that these trains can carry approximately 700 barrels of oil per car.  BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.18.

3.19    BNSF admits that the crude oil it ships across the Right-of-Way from the Bakken shale formation is sometimes referred to as "Bakken" crude. BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.19.

3.20    BNSF states that U.S. Department of Transportation order speaks for itself and denies the remaining allegations set forth in the Complaint's paragraph 3.20.

3.21    BNSF states that the U.S. Pipeline and Hazardous Materials Safety Administration report speaks for itself and denies the remaining allegations set forth in the Complaint's paragraph 3.21.

BNSF RAILWAY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, TRESPASS, AND BREACH OF CONTRACT - 5
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

3.22    BNSF states that the U.S. Department of Transportation order speaks for itself and denies the remaining allegations set forth in the Complaint's paragraph 3.22.

3.23    BNSF states that the U.S. Department of Transportation discussion speaks for itself and denies the remaining allegations set forth in the Complaint's paragraph 3.23.

3.24    BNSF admits that the DOT-111 and CPC-1232 cars are among the types of rail tank cars that can be used to transport crude oil.  BNSF states that the National Transportation Safety Board's reports speak for themselves and denies the remaining allegations set forth in the Complaint's paragraph 3.24.

3.25    BNSF states that the testimony of Mr. Hart and Mr. Hamberger speaks for itself and denies the remaining allegations set forth in the Complaint's paragraph 3.25.

3.26    BNSF admits that it has used CPC-1232 cars, among others, for rail shipments to the March Point refinery at the request of Tesoro.  BNSF denies the remaining the allegations set forth in the Complaint's paragraph 3.26.

3.27    BNSF admits that a BNSF train derailed in Galena, Illinois in March of 2015.  BNSF further admits that a BNSF train derailed in Seattle, Washington in July of 2014.  BNSF further admits that a BNSF train derailed in December of 2013 near Casselton, North Dakota.  BNSF further admits that it is aware of the reported train-related incidents alleged in subsections (a), (c), (e), (g), and (h) of the Complaint's paragraph 3.27, but lacks information or knowledge sufficient to form a belief as to the truth or falsity of those allegations and on that basis denies them.  BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.27.

3.28    BNSF states that the Right-of-Way Agreement speaks for itself and denies the remaining allegations set forth in the Complaint's paragraph 3.28.

3.29    BNSF admits that plaintiff recently requested annual reports and that BNSF provided information to plaintiff regarding materials being shipped across the Reservation.  BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.29.

BNSF RAILWAY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, TRESPASS, AND BREACH OF CONTRACT - 6
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

3.30    BNSF admits that at the request of a shipper it began shipping Bakken crude over the Right-of-Way in 2012. BNSF states that the remaining allegations set forth in paragraph 3.30 contain legal conclusions to which no response is required.  To the extent a response is required, BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.30.

3.31    BNSF admits that plaintiff has expressed concern with the shipment of crude oil across the Right-of-Way and denies the remaining allegations set forth in the Complaint's paragraph 3.31.

3.32    BNSF states that the allegations set forth in paragraph 3.32 contain legal conclusions to which no response is required.  To the extent a response is required, BNSF denies the remaining allegations set forth in the Complaint's paragraph 3.32.

## IV.    FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

4.1    BNSF realleges and incorporates by reference its responses to the Complaint's preceding paragraphs as though fully stated herein.

5.1    BNSF states that the Right-of-Way Agreement speaks for itself and denies the remaining allegations set forth in the Complaint's paragraph 5.1.

5.2    BNSF states that the allegations set forth in paragraph 5.2 contain legal conclusions to which no response is required.  To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 5.2.

5.3    BNSF states that the allegations set forth in paragraph 5.3 contain legal conclusions to which no response is required.  To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 5.3.

BNSF RAILWAY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, TRESPASS, AND BREACH OF CONTRACT - 7
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

## V.     SECOND CLAIM FOR RELIEF

### (Injunctive Relief)

6.     BNSF realleges and incorporates by reference its responses to the Complaint's preceding paragraphs as though fully stated herein.

7.1     BNSF states that the allegations set forth in paragraph 7.1 contain legal conclusions to which no response is required. To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 7.1.

7.2     BNSF states that the allegations set forth in paragraph 7.2 contain legal conclusions to which no response is required. To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 7.2.

## VI.     THIRD CLAIM FOR RELIEF

### (Trespass Damages)

8.     BNSF realleges and incorporates by reference its responses to the Complaint's preceding paragraphs as though fully stated herein.

9.     BNSF states that the allegations set forth in paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 9.

10.     BNSF states that the allegations set forth in paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 10.

## VII.     FOURTH CLAIM FOR RELIEF

### (Breach of Easement Agreement)

11.     BNSF realleges and incorporates by reference its responses to the Complaint's preceding paragraphs as though fully stated herein.

BNSF RAILWAY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, TRESPASS, AND BREACH OF CONTRACT - 8
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

12. BNSF states that the allegations set forth in paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 12.

13. BNSF states that the allegations set forth in paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, BNSF denies the allegations set forth in the Complaint's paragraph 13.

## VIII. RELIEF REQUESTED

BNSF is not obligated to respond to plaintiff's request for relief. To the extent a response is required, BNSF denies that plaintiff is entitled to any relief.

## BNSF'S DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Plaintiff's claims are barred in whole or in part because BNSF has not materially breached any agreement between the parties.

3. Plaintiff's claims are barred in whole or in part because this Court lacks subject matter jurisdiction.

4. Plaintiff's claims are barred in whole or in part because they are preempted by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501, *et seq.*, which regulates rail transportation, and all such regulation falls within the exclusive jurisdiction of the Surface Transportation Board.

5. The relief plaintiff requests in connection with its claims is barred in whole or in part because it is preempted by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501, *et seq.*, which regulates rail transportation, and all such regulation falls within the exclusive jurisdiction of the Surface Transportation Board.

6. Plaintiff's claims are barred in whole or in part by the independent duty doctrine (formerly known as the economic loss doctrine).

BNSF RAILWAY COMPANY'S AMENDED
ANSWER TO COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF, TRESPASS,
AND BREACH OF CONTRACT - 9
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ǀ Tel: 206.839.4800

7. Plaintiff's claims are barred in whole or in part by the doctrine of waiver and estoppel.

8. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

9. Plaintiff's claims are barred in whole or in part based on the various statutes of limitations governing such claims.

10. Plaintiff's claims are barred in whole or in part because plaintiffs materially breached the Right-of-Way Agreement by, among other things, arbitrarily withholding its consent under the Right-of-Way Agreement.

11. Plaintiff's claims are barred in whole or in part because plaintiff cannot prove it was damaged by BNSF's actions.

12. Plaintiff's claims are barred in whole or in part because plaintiff's claims are subject to binding arbitration and thus this Court is not the proper venue to litigate such claims.

13. Plaintiff's claims are invalid and unenforceable to the extent that they are based upon a violation of, or would otherwise require BNSF to violate, governing laws and regulations.

14. The above defenses and affirmative defenses are based on the facts and information currently known to BNSF. BNSF reserves the right to amend or add defenses or affirmative defenses based on facts later discovered, pleaded, or offered

**BNSF'S PRAYER FOR RELIEF**

Having set forth its answer, defenses, and affirmative defenses to plaintiff's Complaint, BNSF respectfully requests that the Court grant it the following relief:

A. Dismissal with prejudice of the Complaint and each of its claims;

B. BNSF's costs and reasonable attorneys' fees in connection with this lawsuit, as allowed in law or equity; and

C. Such other and further relief as the Court may deem just and equitable.

BNSF RAILWAY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, TRESPASS, AND BREACH OF CONTRACT - 10
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1      Respectfully submitted this 19th day of October, 2015.

*s/ Stellman Keehnel*
*s/ Andrew R. Escobar*
*s/ Jeffrey B. DeGroot*
Stellman Keehnel, WSBA No. 9309
Andrew R. Escobar, WSBA No. 42793
Jeffrey B. DeGroot, WSBA No. 46839
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104
Tel:     206.839.4800
Fax:    206.839.4801
E-mail:  stellman.keehnel@dlapiper.com
E-mail:  andrew.escobar@dlapiper.com
E-mail:  jeff.degroot@dlapiper.com

Attorneys for defendant BNSF Railway Company

BNSF RAILWAY COMPANY'S AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, TRESPASS, AND BREACH OF CONTRACT - 11
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1 **CERTIFICATE OF SERVICE**

2     I hereby certify that on October 19, 2015, I electronically filed the foregoing with the

3 Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4 attorneys of record for the parties.

5     Dated this 19th day of October, 2015.

6                               *s/ Andrew R. Escobar*
                                Andrew R. Escobar, WSBA No. 42793

7

8

9

10

11

12

13

14

15

16 WEST\263110205.1

17

18

19

20

21

22

23

24

25

26

BNSF RAILWAY COMPANY'S AMENDED
ANSWER TO COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF, TRESPASS,
AND BREACH OF CONTRACT - 12
No. 2:15-cv-00543-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800