THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian Tribe,

Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

Defendant.

NO. 2:15-cv-00543-RSL

DECLARATION OF ALLAN OLSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I, Allan Olson, being over the age of eighteen and competent to testify hereto, declare as follows:

1.    I am the General Manager of the Swinomish Indian Tribal Community (the "Tribe").

2.    At the time of the litigation and negotiations leading up to the execution of the settlement agreement ("Settlement Agreement") and right-of-way easement agreement ("Easement Agreement") between the Tribe and Burlington Northern ("BN") that are the subject of this dispute, I was an in-house attorney for the Tribe, working in the Office of the Tribal Attorney. I was very involved in the negotiation of both agreements.

DECLARATION OF ALLAN OLSON IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT (2:15-cv-00543-RSL) - 1
5973.001/311832.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

3.      The Tribe is a Federally-recognized Indian tribe organized pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. § 476.  The Tribe is a successor to signatories of the Treaty of Point Elliott of 1855, 12 Stat. 927 (1855), which established the Swinomish Reservation (the "Reservation"), located on the Southeastern end of Fidalgo Island in Skagit County, Washington. The lands on the Reservation that are the subject of this lawsuit are held in trust for the Tribe by the United States.  The Treaty set aside the Reservation for the Tribe's "exclusive use."

4.      The right-of-way established by the Easement Agreement (the "Right-of-Way") crosses a part of the Reservation that constitutes the heart of the Tribe's economic development area. The Right-of-Way is adjacent to many elements of the Tribe's economic infrastructure, including the Swinomish Casino and Lodge, a Chevron station and convenience store, and an RV Park, as well as a Tribal waste treatment plant and a Tribal air quality monitoring facility. Hundreds of guests and employees are present at these facilities 24 hours a day, seven days a week.  This infrastructure is the primary source of Tribal funding for the Tribe's essential governmental functions and programs.

5.      The Right-of-Way also crosses a BNSF swing bridge over the Swinomish Channel and a BNSF trestle across Padilla Bay, both of which are within the Reservation and are many decades old. These water bodies connect with other waters of Puget Sound in which the Tribe has usual and accustomed fishing grounds and stations, as recognized by this Court in *United States v. Washington*, 459 F.Supp. 1020, 1049 (W.D. Wash. 1978). Since time immemorial, the Tribe and its predecessors have benefited from these bodies of water to support its fishing lifestyle, among other purposes, and salmon and other marine resources have played central and enduring roles in the Tribe's subsistence, culture, identity, and economy.

6.      As noted, I had significant involvement in the negotiation of both the Settlement Agreement and the Easement Agreement.  The specific terms and conditions contained in the Easement Agreement were very important to the Tribe.  Absent those conditions, the Tribe would

DECLARATION OF ALLAN OLSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (2:15-cv-00543-RSL) - 2
5973.001/311832.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   not have given its consent for a right-of-way grant to BN.   Instead, the Tribe would have

2   continued with the litigation of its trespass claims. Had the Tribe known that BNSF would later

3   take the position that the Easement Agreement conditions were unenforceable due to BNSF's

4   common carrier obligations, the Tribe never would have consented to the Right-of-Way.

5       7.      Never once did BN indicate to the Tribe that it might not be able to comply with

6   the limitations contained in the Easement Agreement due to common carrier obligations, or that

7   it considered the terms of the Easement Agreement to be subordinate to ICC or common carrier

8   obligations.  If BN had done so, the Tribe would never have granted its consent to the Right-of-

9   Way.

10      8.      The Tribe learned in 2012 from a media report that BNSF was running "unit

11   trains" of 100 cars or more over the Right-of-Way to reach the Tesoro refinery at March Point,

12   near Anacortes, Washington. BNSF did not notify the Tribe or seek its agreement to exceed the

13   limitations of the Easement Agreement before it began doing so. Although the Tribe promptly

14   reminded BNSF of the limitations of the Easement Agreement, and repeatedly demanded that

15   BNSF cease the unauthorized use, BNSF ignored the Tribe's requests.   The Tribe has never

16   granted BNSF permission to exceed the limitations contained in the Agreement.    BNSF

17   acknowledges the terms of the Easement Agreement and the Tribe's demands, but has informed

18   the Tribe that it will continue running trains over the Right-of-Way at current levels regardless

19   of the terms of the parties' agreement.

20      9.      BNSF has also not complied with its reporting requirements under the Easement

21   Agreement. Since at least 1999, the Tribe regularly requested that BNSF provide an annual

22   summary of all materials transported by BNSF across the Reservation, as required by Paragraph

23   7(b) of the Easement Agreement.  Despite these regular requests, BNSF provided the Tribe with

24   just four of the required annual update reports.

25

26      I declare under penalty of perjury of the laws of the state of Washington and the United

27   States that the foregoing is true and correct.

DECLARATION OF ALLAN OLSON IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT (2:15-cv-00543-RSL) - 3
5973.001/311832.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    DATED this ___4th___ day of March, 2016.

2

3

4    By: _____

5        Allan Olson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF ALLAN OLSON IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT (2:15-cv-00543-RSL) - 4
5973.001/311832.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ♦ FAX 206.682.2992

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on March 4, 2016, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4  following:

5

6        Stellman Keehnel, WSBA #9309
         Andrew Escrobar, WSBA #42793
7        Jeffrey DeGroot, WSBA #46839
         DLA Piper LLP
8        701 Fifth Avenue, Suite 7000
         Seattle  WA  98104
9

10       DATED at Seattle, Washington, this 4th day of March, 2016.
11

12                                         /s/ Christopher I. Brain
13                                        Christopher I. Brain, WSBA #5054
                                          cbrain@tousley.com
14                                        Attorneys for Plaintiff
                                          TOUSLEY BRAIN STEPHENS PLLC
15                                        1700 Seventh Avenue, Suite 2200
                                          Seattle, Washington  98101
16                                        Tel:    206.682.5600
                                          Fax:    206.682.2992
17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF ALLAN OLSON IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT (2:15-cv-00543-RSL) - 5
5973.001/311832.1