# Exhibit No. 1

Tulalip   W.T.
Aug 23rd 9

Hon. Commissioner of Indian Affairs
Washington. D.C.

Sir:

I have the honor to forward herewith for your approval a traveling expense Voucher amounting to $4.67. incurred while visiting Seattle for the purpose of consulting U.S. Attorney White, in reference to instituting injunction proceedings to prevent construction of Railroad across the Suionnish Ind. Reservation.

I am Sir
Very Respectfully
W.H. Talbott
U.S. Indian Agent

SITC000006922

# Exhibit No. 2

Copy - W.H. Telegram.

Tulalip W.T.
Aug 28th 9

To R.D. Bell
    Acting Commissioner Indian Affairs
        Washington. D.C.

Railroad is being built on Snenimish
Reservation. A line of Company Seattle
and Northern. Work suspended at
present. About seven hundred and
thirty yards constructed.

                    W.H. Talbott
                        Agent.

SITC000006924

# Exhibit No. 3

Refer in reply to the following: F
Letter 24365 '89
Authority 20827

1 Incl.

## Department of the Interior,

### OFFICE OF INDIAN AFFAIRS,

WASHINGTON, September 10, 1889

W. H. Talbott,
U. S. Indian Agent,
Tulalip Agency, W.T.

Sir:

You are hereby advised that authority has been grant-
ed you to settle an indebtedness amounting to $4.67, incurred
during the 1st quarter 1890 in traveling to Seattle, W.T. to
consult with the U.S. District Attorney, with reference to in-
stituting injunction proceedings to prevent the construction
of a railroad across the Swinomish reservation, as evidenced by
voucher herewith returned to be filed with your quarterly ac-
counts.

Very respectfully,

Assistant Commissioner

N.B.L.

SITC000006925

# Exhibit No. 4

28093 - 1889

OFFICE OF INDIAN AFFAIRS,

WASHINGTON, October 17, 1889.

W.H.Talbott, Esq.,

    U.S.Indian Agent,

        Tulalip Agency

            W.T.

Sir:

      Referring to recent telegraphic correspondence relative to unauthorized construction of a railroad across the northern portion of the Swinomish Reservation,by the Seattle and Northern Railway Company,you are hereby informed that the Department of Justice,under date of the 1st instant,advised this Department that the U.S. Attorney for Washington Territory has been instructed to investigate the case and take requested action,if such investigation shall show it to be advisable.

          Very respectfully,

                   T. J. Morgan

                      Commissioner.

arrabee)

SITC000002929

# Exhibit No. 5

*reply to the following:* L.

36624 -- 1889

# Department of the Interior,

## OFFICE OF INDIAN AFFAIRS,

WASHINGTON, April 26, 1890.

McDonald, Bright & Fay,

    Attorneys at Law,

        Washington, D.C.

Gentlemen:

        The petition of the Seattle and Northern Railway Company filed by you with the Secretary of the Interior, on December 21st last, in which it is urged that the wishes of the Indians of the Swinomish reservation, in the then Territory, now State of Washington, in regard to a right of way sought to be obtained by said Company across said reservation may be ascertained, &c., and in the event of their giving their consent to such right of way, that this Department may acquiesce therein, having been referred to this office for action thereon, I have to state that the Secretary of the Interior, in a letter to this office dated March 10, 1882, held that " in all cases where right of way for railroads through Indian reservations is not provided for by treaties or agreements by the United States with the Indians, congressional action is necessary to ratify agreements by railway companies with the Indians for such right of way &c."

SITC000007574

44

2.

Right of way for railroads through the Swinomish Reservation not being provided for by treaty or agreement with the Indians of said reservation, the proper course for the Seattle and Northern Railway Company to pursue would be to apply to Congress for the necessary legislation to enable them to procure a right of way through said reservation, upon such terms and conditions with reference to compensation to the Indians &c., as that body may see fit to impose.

It is not the practice of this Department to take the initiative looking to a grant of a right of way through Indian lands, but to require the Railroad Company to apply to Congress in its own behalf.

Very respectfully,

Acting Commissioner.

(Larrabee)

L.

SITC000007575

# Exhibit No. 6

TACOMA, WASH. Dec. 27th, 1890.189

W. H. Tallbott, Esq.,
         Tulalip Indian Reservation,
                 Wash.

Dear Sir,-

        In going through ex-United States attorney White's old
papers I find a communication from you to the Department of the
Interior relating to the building of a railroad to Anacortes from
some point on the Skagit river, which railroad crossed the north
end of the Swinomish Indian Reservation.  These letters were all
dated during the year 1889, and upon the strength of your letter
and telegram to the Department the U.S.attorney was directed to
institute proceedings to prevent the building of the railroad across
thesaid Indian reservation.

        Will you please let me know whether the railroad was built,
or whether work ceased upon it after the company was notified?

        It appears that no suit was ever brought by U.S.attorney White
and I am desirous of obtaining some information relating to this
matter..  Will you therefore kindly give me what information you
can relating to this matter and oblige,

                        Yours respectfully,

"Dictated."

                        Assistant U.S.Attorney.

# Exhibit No. 7

RESOLUTION NO. 77-08-463

Requesting the U. S. Solicitor to Bring Suit against
Burlington Northern Railroad for Trespassing on
Swinomish Tribal Tidelands

WHEREAS, the Swinomish Indian Reservation was established by
the Point Elliott Treaty of 1855, and the northern boundary was
redefined by an executive order of 1873, and

WHEREAS, the Swinomish Indian Tribal Community is a federally
recognized tribe under a constitution and by-laws approved by the
Secretary of the Interior pursuant to the Indian Reorganization
Act; and the Swinomish Senate is the duly constituted governing
body of the Swinomish Indian Tribal Community; and

WHEREAS the Seattle and Northern Railway Company constructed
a railroad across tidelands owned by the Swinomish Indian Tribal
Community in 1889 without authority from the Commissioner of Indian
Affairs and in defiance of efforts by the U. S. Indian Agent and
Commissioner of Indian Affairs to stop this construction, and

WHEREAS the Commissioner of Indian Affairs on October 17, 1889,
officially notified the Indian Agent that the Department of Justice
had advised the U. S. Attorney for Washington Territory to bring
action though no action was ever brought, and

WHEREAS since 1890 other railroad companies have continually
owned and used said railroad, with Burlington Northern Railroad
being the latest successor in interest, and

WHEREAS the Swinomish Indian Tribal Community has attempted to
negotiate a settlement of this trespass since 1970, but Burlington
Northern Railroad has refused to accept the terms proposed by the
Tribal Community which were based on legitimate appraisals.

NOW BE IT THEREFORE RESOLVED that the United States Solicitor
bring a long over due legal action against the unauthorized use of
Tribal tidelands by suing Burlington Northern Railroad for trespass
and requiring that they remove said railroad from Tribal tidelands.

BE IT FURTHER RESOLVED that Native American Rights Fund attorneys
officially represent the Swinomish Indian Tribal Community in
assisting the Solicitor with this law suit.

Landy James, Chairman
Swinomish Indian Senate

Helen Ross, Secretary
Swinomish Indian Senate

RESOLUTION 463

SITC000005443

<u>C E R T I F I C A T I O N</u>

As Secretary of the Swinomish Indian Senate, I certify that
the above Resolution was adopted by the Swinomish Indian
Senate on the _2nd_ day of _August_, 1977, by a
vote of _9_ For and _0_ Against, and that a quorum
was present.

Helen Ross, Secretary
Swinomish Indian Senate

SITC000005444

# Exhibit No. 8

RESOLUTION NO. 77-12-487

Reaffirming rejection of Burlington Northern Railroad
Company's last offer of settlement to the Swinomish
Indian Tribal Community for Trespass and renewing
request to the United States to file suit against said
Railroad for ejectment and damages.

WHEREAS the Swinomish Indian Reservation was established
by the Treaty of Point Elliott of 1855, and the northern boundary
was redefined by an Executive Order of 1873; and

WHEREAS the Swinomish Indian Tribal Community is a
federally recognized Tribe organized under a Constitution and
By-Laws approved by the Secretary of the Interior pursuant to the
Indian Reorganization Act; and the Swinomish Indian Senate is the
duly constituted governing body of the Swinomish Indian Tribal
Community; and

WHEREAS the Seattle and Northern Railroad Company con-
structed a railroad across tidelands owned by the Swinomish Indian
Tribal Community in 1889 without authority from the Commissioner
of Indian Affairs and the Swinomish Indian Tribal Community; and

WHEREAS the Burlington Northern Railroad Company is the
latest in a continuous stream of successors in-interest to own and
use said Railroad without proper authorization from the Swinomish
Indian Tribal Community and the United States; and

WHEREAS the Swinomish Indian Tribal Community has
attempted to negotiate a settlement of this tresspass since 1970;
and

WHEREAS the last settlement offer made by Burlington
Northern Railroad to the Senate of the Swinomish Indian Tribal
Community was $150,000 for past, present and future right to a
railroad right-of-way; and

WHEREAS the Senate of the Swinomish Indian Tribal
Community has rejected said offer as being substantially less
than just and adequate compensation for this continuous flagrant
trespass of some 87 years; and

WHEREAS the Senate of the Swinomish Indian Tribal
Community desires to reaffirm its rejection of said $150,000
settlement offer from Burlington Northern Railroad and renew
its request to the United States to bring suit for ejectment
and damages against said railroad company as orginally requested
in Senate Resolution 77-08-463;

RESOLUTION 487

SITC000005445

Resolution No. _77-12-487_                                    2

            NOW THEREFORE BE IT RESOLVED that the Senate of the
Swinomish Indian Tribal Community in session this _7th_ day
of _December_ , 1977, with a quorum present does hereby
reaffirm its rejection of Burlington Northern Railroad Company's
inadequate settlement offer  of $150,000 for all past, present
and future damages for trespass on Tribal tidelands.

            BE IT FURTHER RESOLVED that the Senate renew its request
to the United States to bring suit for ejectment and damages
against the Burlington Northern Railroad Company as per our
Resolution No. 77-08-463.

                                    _____
                                    Landy James, Chairman
                                    Swinomish Indian Senate

_____
Helen Ross, Secretary
Swinomish Indian Senate


                    C E R T I F I C A T I O N


            As Secretary of the Swinomish Indian Senate, I hereby
certify that the foregoing Resolution was adopted at a _Regular_
meeting of the Swinomish Indian Senate held on the _7th_ day of
_December_ , 1977, at which time a quorum was present and
the Resolution was adopted by a vote of _8_ For and _0_
Against.

                                    _____
                                    Helen Ross, Secretary
                                    Swinomish Indian Senate

SITC000005446

# Exhibit No. 9

Tribal Operations
064.1- Swinomish

Western Washington Agency
3006 Colby Avenue, Federal Building
Everett, WA 98201

August 15, 1977

*Black*

Memorandum

To:        Area Director, Portland Area
           Attention:  Tribal Operations

From:      Superintendent

Subject:   Swinomish Resolution No. 77-08-463 - Tribal Tideland
           Trespass.

Enclosed for your information and action is the subject resolution
which requests that the Solicitor bring action against Burlington
Northern Railroad for trespass on tribal tidelands.  The Tribe also
requests that the attorneys with the Native Rights Fund assist the
Solicitor in the law suit.

This matter has been the subject of recent discussion with regards
to prosecution of claims on behalf of the Swinomish Tribe as the
owner of lands held in trust by the Government.  It appears that
this resolution is a major step in the preparation by the Tribe in
its litigation reports for action against the Burlington Northern
Railroad to recover damages resulting from trespass on Swinomish
Tribal tidelands.

It is our recommendation that this resolution be reviewed with the
Office of the Regional Solicitor for action.

                                   JOHN R. _____
                                   Superintendent

Enclosure
cc: The Swinomish Senate
    Pink copies - Reading files
    Subj.
    Br. Chrono
    Master Chrono
WMABLACK:bhw:8-12-77

C

SITC000008094

Requesting the U. S. Solicitor to Bring Suit against
Burlington Northern Railroad for Trespassing on
Swinomish Tribal Tidelands

*Rec'd - 8-8-77*
*Runt - SAO w/ltr*

WHEREAS, the Swinomish Indian Reservation was established by
Point Elliott Treaty of 1855, and the northern boundary was
fined by an executive order of 1873, and

WHEREAS, the Swinomish Indian Tribal Community is a federally
gnized tribe under a constitution and by-laws approved by the
etary of the Interior pursuant to the Indian Reorganization
and the Swinomish Senate is the duly constituted governing
of the Swinomish Indian Tribal Community; and

WHEREAS the Seattle and Northern Railway Company constructed
ad across tidelands owned by the Swinomish Indian Tribal
unity in 1889 without authority from the Commissioner of Indian
irs and in defiance of efforts by the U. S. Indian Agent and
issioner of Indian Affairs to stop this construction, and

WHEREAS the Commissioner of Indian Affairs on October 17, 1889,
cially notified the Indian Agent that the Department of Justice
advised the U. S. Attorney for Washington Territory to bring
on though no action was ever brought, and

WHEREAS since 1890 other railroad companies have continually
d and used said railroad, with Burlington Northern Railroad
g the latest successor in interest, and

WHEREAS the Swinomish Indian Tribal Community has attempted to
tiate a settlement of this trespass since 1970, but Burlington
hern Railroad has refused to accept the terms proposed by the
al Community which were based on legitimate appraisals.

NOW BE IT THEREFORE RESOLVED that the United States Solicitor
g a long over due legal action against the unauthorized use of
al tidelands by suing Burlington Northern Railroad for trespass
requiring that they remove said railroad from Tribal tidelands.

BE IT FURTHER RESOLVED that Native American Rights Fund attorneys
cially represent the Swinomish Indian Tribal Community in
sting the Solicitor with this law suit.

Vandy James, Chairman
Swinomish Indian Senate

Ross, Secretary
omish Indian Senate

SITC000008095

# Exhibit No. 10

**BURLINGTON NORTHERN**

Woodrow L. Taylor
Regional Counsel



September 27, 1977


Mr. John Bendetto
Superintendent
Western Washington Agency
Bureau of Indian Affairs
Federal Building
Everett, Washington  98201

RE:  Application for Railroad Right-of-Way Across
     Swinomish Indian Reservation

Dear Mr. Bendetto:

The Swinomish Indian Tribe claims ownership to the tide-
lands adjacent to a portion of Padilla Bay and Swinomish
Slough where Burlington Northern's railroad right-of-way
and bridge cross the same.  Without conceding said owner-
ship, but on the assumption that the Tribe may be correct
in contending the said lands were included in the Reserva-
tion at the time of the initial grant, Burlington Northern
applies to the Secretary of Interior for a railroad right-
of-way across said lands under the authority of the Act of
March 2, 1899, Chapter 374, 30 Stat. 990 (25 U.S.C. 312 et
seq.).  Said application is made without the consent of
the Swinomish Indian Tribe being first obtained for the
reason that a right-of-way grant under said Act does not
require said consent.  We expect to justify our legal posi-
tion with the Secretary of Interior by legal memorandum in
support of the view that the Act of 1899 granted to rail-
roads a right-of-way across Indian reservations without
regard to whether Indian tribal consent is sought or ob-
tained, and has not been superseded by the Act of 1948,
which appears to require said consent.  We understand,
however, that the policy of the Department is that all
such applications (whether under the 1899 Act or the 1948
Act) be processed through the Bureau of Indian Affairs,
and the regional office of the Bureau at Portland has fur-
ther informed us that your office is the place to make the
filing.

SITC000008084

Mr. John Bendetto
September 27, 1977
Page 2


Accordingly, attached to this letter application will be
found the following instruments:

    1.  Certified copy of Resolution of the Board of Di-
rectors of the railroad dated September 12, 1977,
authorizing this application.

    2.  Three original tracing linens and four reproduc-
tions of a map of definite location, together with
the certification of the Chief Engineer and President
of the railroad as required by the Code of Federal
Regulation rules.

    3.  Stipulation with respect to maintenance of right-
of-way applied for, executed by the President.

    4.  Check in the sum of $20,858.00, representing the
total estimated consideration and damages due for said
railroad right-of-way in its present location on said
lands.

    5.  Certification by the MAI appraiser that said amount
represents in his view the fair value thereof.  Upon
request we are prepared to submit a full appraisal re-
port with respect to the matter and basis for the de-
termination of said amount.

Burlington Northern will require return of two of the origi-
nal tracing linens and two reproductions showing approval by
the Department of Interior.

For your general information, Burlington Northern's line of
railroad over these lands was constructed in 1890.  A valid
permit exists from the Corps of Engineers for the placement
and maintenance of the bridge across the Swinomish Slough
channel as it now exists.  It is the railway's belief that
the Swinomish Slough channel is not included within the Re-
servation and the Tribe does not hold ownership to the bed
of the Slough channel, even if it is correct in its asser-
tion that it owns the tidelands adjacent thereto.  Never-
theless, the map of definite location was drawn so as to

SITC000008085

Mr. John Bendetto
September 27, 1977
Page 3

include the applicant's right-of-way and bridge across
both the tidelands and the Swinomish Slough channel, so
that if the Tribe is correct in its contention with re-
spect to the ownership of the bed of the Slough, the grant
of right-of-way by the Secretary of Interior will include
the same.  The map of definite location was premised on
the existing physical conditions, particularly with re-
spect to the location and width of the Swinomish Slough,
which we considered a preferable method of depicting the
physical conditions, although we can if necessary provide
a map prepared about the turn of the century which would
depict the then condition of the terrain that the right-
of-way was originally constructed on.

Anticipating that this application will be forwarded to
the regional office for consideration, we are copying this
application letter and one copy of each of the enclosures
to it for its advance review.  Although we have attempted
to scrupulously follow the Code of Federal Regulations with
respect to such an application, please advise immediately
if there is any other material that you feel necessary to
process this application.  Your prompt processing of said
application will be appreciated.

Very truly yours,

Woodrow L. Taylor
Regional Counsel

WLT/mb

Encl.

cc: Mr. Wilford G. Bowker, Chief
    Branch of Real Property Management
    Bureau of Indian Affairs
    Portland, Oregon
    Attention:  Mr. Jack Glasgow

    Mr. Robert S. Pelcyger
    Native American Rights Fund

SITC000008086

BURLINGTON NORTHERN INC.


CERTIFICATE


    I, F. A. DEMING, hereby certify that I am one
of the Assistant Secretaries of Burlington Northern Inc.
(the Company); that as such Assistant Secretary I am one
of the keepers of the records and corporate seal of the
Company; that attached hereto is a true and complete copy
of certain resolutions duly adopted at a meeting of the
Board of Directors of the Company held in St. Paul, Minne-
sota, on September 12, 1977, at which a quorum was present
and acting throughout; and that said resolutions have not
been altered, amended or repealed and remain in full force
and effect.

    IN WITNESS WHEREOF, I have hereunto set my hand
and affixed the corporate seal of the Company this 20th day
of September, 1977.


                              Assistant Secretary

SITC000008087

RESOLVED, that the survey of definite location of this Company's line of railway, made under the direction of B. G. Anderson, Assistant Vice President-Engineering of this Company, as accurately represented on the map now submitted and approved, which map has attached thereto affidavit of said B. G. Anderson dated August 29, 1977, verifying the accuracy thereof, is on file in the office of the Assistant Vice President-Engineering of this Company and is entitled:

MAP OF DEFINITE LOCATION
BURLINGTON NORTHERN INC.
RAILROAD RIGHT OF WAY
SWINOMISH INDIAN RESERVATION
SECTION 2, T. 34 N., R. 2 E. W. M., SKAGIT CO., WA.
SCALE: 1" = 400'                  JULY 15, 1977

be, and the same is, hereby designated and adopted as the definite location of this Company's line of railway.

RESOLVED, that the proper officers of this Company be, and they are, hereby authorized and directed, for and on behalf of this Company and in its name, (a) to present the map referred to above, together with application for right-of-way for location of this Company's line of railway as represented thereon, for the approval of the Secretary of the Interior, (b) to execute such stipulation or stipulations as the Secretary of the Interior may require and containing such terms and conditions as the officers executing said stipulation or stipulations may in their discretion approve, the execution of such stipulation or stipulations by said officers to evidence the discretion hereby conferred, and (c) to do whatever may be necessary or proper in order to give full effect hereto and to carry out the purposes and intent hereof.

SITC000008088

STIPULATION WITH RESPECT TO MAINTENANCE OF
RIGHT OF WAY APPLIED FOR

      Burlington Northern Inc., Applicant, expressly agrees
as follows with respect to the right of way applied for, as
described in the accompanying Application:

      (a)  To maintain the right of way in a workmanlike
manner;

      (b)  To pay promptly all damages and compensation in
addition to the deposit made, pursuant to
Section 161.4, determined by the Secretary, to
be due the landowners and authorized users and
occupants of the land on account of maintenance
of said right of way;

      (c)  If required by law, to indemnify the landowners
and authorized users and occupants of said
right of way against any liability for loss of
life, personal injury and property damage arising
from the maintenance, occupancy or use of the
lands by the Applicant, its employees, contractors
and their employees or subcontractors and their
employees;

      (d)  To keep clear the lands within the right of way
to the extent compatible with the purpose of the
right of way; and to dispose of all vegetation
and other material cut, uprooted, or otherwise
accumulated, in the maintenance of said right of
way;

      (e)  To take soil and resource conservation and pro-
tection measures, including weed control, if
appropriate, on the land covered by the right
of way;

SITC000008089

(f) To do everything reasonably within its power to prevent and suppress fires on or near the lands to be occupied under the right of way;

(g) To build and maintain necessary and suitable crossings for all existing roads that intersect the right of way;

(h) Upon revocation or termination of the right of way, the Applicant shall so far as is reasonably possible restore the land to its original condition;

(i) At all times to keep the Secretary of Interior informed of its address and principal place of business, together with the names and addresses of its principal officers;

(j) To the extent that the law would otherwise be applicable, not interfere with the use of the lands by or under the authority of the landowners for any purpose not inconsistent with the primary purpose for which the right of way is granted;

(k) To use all precautions possible to prevent forest fires and to suppress such fires when they occur;

(l) To permit the crossing, in a manner satisfactory to government officials in charge, of the right of way by canals, ditches, and other projects.

(m) That said right of way is for an existing line of common carrier railroad (Anacortes-Burlington branch main line) and has been continuously operated as such since 1890.  It is an integral part of the transcontinental railway system of Burlington Northern serving vital industries and communities located in the area.

DATED this _19th_ day of _SEPTEMBER_, 1977.

BURLINGTON NORTHERN INC.

By _Thomas J. Lamphier_

President, Transportation Division

SITC000008090

Burlington Northern Inc.
St. Paul, Minnesota 55101

Nº 2411

Date September 21, 1977

AMOUNT
$20,858.00

Twenty Thousand Eight Hundred Fifty-eight and No/100-
Pay to the order of

Department of the Interior
Washington, D.C.

APPROVED FOR PAYMENT

To Treasurer Burlington Northern, Inc.
Thru First National Bank, St. Paul, Minnesota 55101

Vice President
FORM 30240 1-76   PRINTED

⑆0960⑈0001⑈  12⑈02157⑈

#2411
FOR:

DETACH CHECK BEFORE PRESE
FOR PAYMENT
THIS IS YOUR RECORD

Payment of estimated consideration and damages for railroad
right of way in its present location as shown on Map of
Definite Location involving Burlington Northern Inc. Railroad
Right of Way across the Swinomish Indian Reservation dated
July 15, 1977 covering portions of the Padilla Bay Tide Lands
and Swinomish Slough channel bed abutting or lying in front
of Lots 1 through 5 of Sec. 2, T. 14 N., R. 2 E., W.M.,
Skagit County, Washington.

$20,858.00

AFE Pending

File:  1834 Whitney, WA.

Acct. 743.20.03

M 30240 1-76

BURLINGTON NORTHERN INC.

SITC000008091

*John E. Miller*

(—AMERICAN INSTITUTE OF
REAL ESTATE APPRAISERS

September 6, 1977

PHONE — 734-3420
1401 ASTOR AT "J"
BELLINGHAM, WASHINGTON 98225



RECEIVED
LAW DEPT.

SEP 9 1977

Western Washington Indian Agency
Everett, Washington

RE: Burlington Northern Railway Right of Way
    Swinomish Tidelands

Dear Sir:

At the request of Burlington Northern Inc., I have examined and appraised
the property occupied by Burlington Northern trackage across tidelands
in front of the Swinomish Indian Reservation in Section 2, Township 34
North, Range 2 East, W.M., Skagit County, Washington, for the purpose of
determining the current Fair Market Value and damages, if any, as a basis
for deposit of estimated consideration pursuant to Title 25 CFR, Section
161.14. As of the date of this letter, I find the value of the lands to
be acquired by Burlington Northern to be $20,858. This computation is
based upon a right-of-way 60 feet wide and approximatly  3,029 feet long,
a total of 4.17 acres

I have determined that the lands remaining will not sustain any severance
damages by reason of the location, construction and operation of Burlington
Northern, and I have further determined that no damages will result from
the survey, if any, for location and construction of said railway.

I have also examined the area of Swinomish Slough which is occupied by
Burlington Northern's bridge and approaches, and it is my conclusion that
as long as the Slough is burdened with a navigational servitude, the under-
lying fee has no recognizable market value and the use of the Slough for
purposes of construction and operation of a railroad bridge does not damage
or diminish the value of the underlying fee in any respect.

I therefore certify that the market  value as of the date of this certifi-
cate totals --------------------------- $ 20,858.00 ------------------------

Very truly yours,

John E. Miller, M.A.I.

JEM:ab

SITC000008092

Administration

Western Washington Agency
3006 Colby Avenue   Federal Building
Everett, WA 98201

September 28, 1977

Mr. Lawrence D. Silvernale
Attorney at Law
810 Third Avenue
Seattle, WA 98104

Re:  Application for Railroad Right-of-Way Across
     Swinomish Indian Reservation

Dear Mr. Silvernale:

This will acknowledge receipt this date of Application for
Railroad Right-of-Way Across Swinomish Indian Reservation
dated September 27, 1977, together with maps.  Upon com-
pletion of local review, we will forward it to the Portland
Area Office for further review and response.

                    Sincerely yours,


                    Superintendent


cc: sub
    chronies
PThreeStars:gg

SITC000008096