UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SWINOMISH INDIAN TRIBAL
COMMUNITY, a federally recognized
Indian Tribe,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware
corporation,

    Defendant.

Case No. C15-0543RSL

ORDER GRANTING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

This matter comes before the Court on defendant's "Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings." Dkt. # 96. Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and

ORDER CERTIFYING INTERLOCUTORY APPEAL - 1

expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir.1982)). While the appeal need not have a final, dispositive effect on all issues raised in the litigation, the district court must be of the opinion that it would "materially advance the ultimate termination of the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681 (9th Cir. 2011).

Having reviewed the submissions of the parties and the remaining record, the motion is GRANTED. The issue of preemption in the circumstances presented here is a controlling question of law as to which there are substantial grounds for difference of opinion, the immediate appeal of which may materially advance the ultimate termination of this litigation if the undersigned were incorrect. The Court hereby certifies its "Order Clarifying Previous Order and Denying Defendant's Motion for Reconsideration" (Dkt. # 93), its related "Order Granting Plaintiff's Motion for Reconsideration" (Dkt. # 85), and its related "Order Regarding Cross-Motions for Summary Judgment" (Dkt. # 75) for interlocutory appeal to the Ninth Circuit under 28 U.S.C. § 1292(b). Defendant shall petition the Ninth Circuit for interlocutory review within the time frame permitted by that statute.

All proceedings in this case are hereby STAYED pending resolution of defendant's petition to the Ninth Circuit for interlocutory appeal and, if review is accepted, during the pendency of the interlocutory appeal. The parties shall, within seven days of the resolution of the interlocutory proceedings, file a joint status report indicating the status of the case and a proposed trial date.

Dated this 15th day of May, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER CERTIFYING INTERLOCUTORY APPEAL - 2