UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY,<br><br>    Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>    Defendant. | Cause No. C15-0543RSL<br><br>ORDER GRANTING IN PART BNSF'S MOTION TO EXCLUDE EXPERTS |

This matter comes before the Court on "Defendant BNSF Railway Company's Motion to Exclude Expert Witnesses" Daniel Fapp and Tom Johnson. Dkt. # 144. Plaintiff has indicated that it will not be calling Mr. Johnson to testify at trial. With regards to the testimony of Mr. Fapp, BNSF argues that evidence regarding the revenue and expenses associated with the shipment of oil over the Easement is irrelevant to a determination of liability and should be excluded from the first phase of the trial. The Court disagrees. The Tribe has already shown that BNSF engaged in an intentional trespass under federal common law and is therefore liable for the damages caused by its overburdening of the easement. Dkt. # 174 at 23. The Tribe further argues, however, that the trespass was knowing, conscious, and willful, a factual issue to be decided during the first phase of the trial. The Court has already found that, in light of the

ORDER GRANTING IN PART BNSF'S
MOTION TO EXCLUDE EXPERTS - 1

absence of evidence supporting BNSF's proffered justification for overburdening the easement, the promise of significant income associated with the transportation of Bakken crude oil for Tesoro/Marathon, as calculated by Mr. Fapp, is relevant to the Tribe's argument that BNSF's trespass was knowing, conscious, and willful. BNSF offers no reason to revisit that finding. Dkt. # 174 at 26. Its relevance challenge therefore fails.

For all of the foregoing reasons, BNSF's motion to exclude expert witnesses is GRANTED as to Tom Johnson and DENIED as to Daniel Fapp.

Dated this 15th day of December, 2022.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge