The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SWINOMISH INDIAN TRIBAL COMMUNITY, a federally recognized Indian Tribe,

Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

Defendant.

NO. 2:15-cv-00543-RSL

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE EXPERT TESITMONY OF MICHAEL BARANOWSKI**

Note on Motion Calendar: April 26, 2024

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE EXPERT TESITMONY OF MICHAEL BARANOWSKI- 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

The Tribe moves to exclude two very specific and limited portions of BNSF's expert's purported rebuttal testimony as untimely, prejudicial, and ultimately, irrelevant. That the Tribe does not seek to exclude the entirety of Michael Baranowski's opinions of course does not indicate that the Tribe concedes the correctness of those opinions. Instead, the Tribe recognizes that its disagreements with Mr. Baranowski's other opinions go to issues of credibility (to be weighed by the Court as a factfinder), rather than admissibility (to be determined by the Court as a gatekeeper). To that end, to the extent these issues are not resolved by summary judgment, the Tribe looks forward to cross-examining Mr. Baranowski at trial. Mr. Baranowski, however, cannot be allowed to testify in support of *new* opinions that were not included in his opening report and which are neither true rebuttal nor relevant.

**A.  Mr. Baranowski cannot testify about profits from alternative routes.**

It is undisputed that BNSF *now* transports some crude oil to Portland on behalf of the Fidalgo Refineries. As usual, the Tribe learned this information not from BNSF, but on its own outside of this litigation. The first time BNSF disclosed to the Tribe that it transports products from North Dakota to Portland for barging to Fidalgo was through Mr. Baranowski's rebuttal report. Even Mr. Baranowski did not himself learn of BNSF's transport of oil to Portland until after he had submitted his opening report. *See* Dkt. 230-2 Ex. 2 at 96:20-98:7. Mr. Baranowski's opinions on this topic are therefore in his rebuttal report not because either he or BNSF actually believe that they rebut Mr. Fapp, but because Mr. Baranowski had not been provided this information by BNSF when he issued his opening report. The *fact* that BNSF transports product by rail to Portland, however, is not the *opinion* that the Tribe seeks to exclude.[1]

The Tribe seeks to exclude Mr. Baranowski's belated *opinions* regarding the profitability of BNSF's alternate routes, specifically: "that BNSF still earns a profit from its

---

[1] Nor does it appear that Mr. Baranowski intends to present factual testimony about BNSF's current practices. His deposition testimony confirms that he has no independent knowledge of BNSF's practices other than the ABS data BNSF provided to him for his rebuttal report. Dkt. 230-2. Ex. 2 at 96:20-98:7, 103:7-25, 104:15-105:15.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
PARTIALLY EXCLUDE EXPERT TESITMONY OF
MICHAEL BARANOWSKI- 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

current routing of crude oil to Fidalgo. This routing does not operate over any portion of the Easement. And BNSF's profit on each shipment is roughly 20 percent less than shipping by rail all the way to Fidalgo. In addition, BNSF has and continues to move unit train shipments of crude oil to other destinations at profit levels comparable to those earned on shipments that moved over the Easement to Fidalgo." Dkt. 230-6 at 4, *see also* 17–20. This opinion was not offered to rebut Mr. Fapp, but as *new* support for Mr. Baranowski's opening opinion that the Court should apportion BNSF's profits to some fractional component of the total movement. *Id*.

Indeed, Mr. Fapp offered *zero* opinions on apportionment in his opening report. During his deposition he confirmed that providing an opinion on apportionment was not part of his assignment in preparing his opening report. Dkt. 239-2 at 93:19-95:5. Now, BNSF contends that the *absence* of an opinion was actually a "methodological approach" that permitted rebuttal. If this was the case, then the prohibition on offering new opinions on rebuttal would be swallowed by this exception. In other words, according to BNSF, it can offer a rebuttal on the opinions actually offered *and* the opinions not offered, because the absence of an opinion is also, somehow, an opinion. BNSF also points to Mr. Fapp's rebuttal report, which does address apportionment in direct *response* to Mr. Baranowski's opening report[2], as if this somehow pre-authorized Mr. Baranowski to add new opinions in his rebuttal. It does not.

BNSF also does not refute the claim that Mr. Baranowski's late opinion prejudiced the Tribe. Nor could it, as BNSF moved to exclude *Mr. Fapp's* opinions for failure to consider the ABS data related to these Portland shipments that Mr. Fapp did not have access to until he received Mr. Baranowski's rebuttal report and rebuttal working papers—*after* Mr. Fapp had issued both his opening and rebuttal reports. BNSF cannot have it both ways. Yet it tries to, by claiming that because expert discovery is governed by Federal Rule of Civil Procedure

---

[2] Confusingly, BNSF claims that "Mr. Fapp was entitled to (and did) provide his opinions on Mr. Baranowski's competing decision to apportion," Resp. at 6, but has also moved to exclude Mr. Fapp from testifying. Dkt. 234.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE EXPERT TESITMONY OF MICHAEL BARANOWSKI- 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

26(a)(2), not (a)(1), it can permissibly engage in trial by ambush by withholding *evidence* it contends is relevant until it serves its rebuttal expert disclosure. While the Rules may contemplate such a procedure for *opening* expert disclosures, as in the *Newill* case cited by BNSF, they do not countenance such gamesmanship with respect to rebuttal disclosures. *See Newill v. Campbell Transp. Co.*, No. 2:12-CV-1344, 2015 WL 222430, at *2 (W.D. Pa. Jan. 14, 2015).

But even if Mr. Baranowski's challenged opinions were timely, they are still speculative and irrelevant. BNSF's argument to the contrary is premised on a fundamental misunderstanding of the goals of disgorgement. As BNSF recognizes, the Restatement explains that the purpose of disgorgement is to leave the wrongdoer "in the position he would have occupied had there been no misconduct." Resp. at 10-11 (*citing* Restatement § 51 cmt. k). This means undoing the misconduct and putting the defendant in the position it would have been in had it simply not acted. This does *not* mean, as BNSF argues, undoing the misconduct *and* giving the wrongdoer credit for lawful alternatives that it possessed, but chose not to utilize. *See In re de Jong*, 588 B.R. 879, 893–94 (B.A.P. 9th Cir. 2018), aff'd, 793 F. App'x 659 (9th Cir. 2020) (finding error where bankruptcy court gave credit for actions trespasser could have taken to reduce trespass but did not take).

BNSF's reliance on Restatement § 51 comment f is similarly misplaced. Nothing in that comment directs the Court to factor in alternative, but unexercised, options that would have avoided the trespass, nor indicates that failure to provide credit for such alternatives results in a "necessarily penal" award. Instead, it provides that "because disgorgement, in theory at least, imposes no net loss on the defendant, there are situations in which a court may conclude that the threat of liability to disgorge profits will not adequately deter the misconduct . . . . A court that reaches this conclusion will sometimes supplement the defendant's liability in restitution with an award of exemplary damages." Restatement of Restitution § 51, cmt. f. The Supreme Court has long recognized that punitive damages are awardable for willful trespass. *Day v.*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE EXPERT TESITMONY OF MICHAEL BARANOWSKI- 4

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Woodworth*, 54 U.S. 363, 371 (1851) ("It is a well-established principle of the common law, that in actions of trespass and all actions on the case for torts, a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant . . .").

But that legal issue aside, Mr. Baranowski's opinions regarding Portland-transport profitability relate only to *post*-trespass activities. They therefore shed no light on BNSF's ability to generate profits—or the ratio of those profits to the profits it achieved through trespass—from transportation of crude oil to Portland for barging to Fidalgo between 2012 and 2021. BNSF now presents the novel argument that the purpose of Mr. Baranowski's detailed profit calculations and comparisons for the Portland shipments was merely to show that BNSF *could* have earned some profit by other, non-trespassing means. Resp. at 6. If that is indeed true, then he can offer that extremely limited opinion without also opining on BNSF's actual profits after 2021 or hypothetical profit comparisons for shipments to Portland that were never made. But even so, because BNSF's current practice is not disputed, Mr. Baranowski's opinion is not needed. The Court may weigh the undisputed fact that BNSF *now* transports some crude oil to Portland on behalf of the Fidalgo Refineries as the factfinder at trial without the aid of Mr. Baranowski's speculative opinions. The Tribe's motion should be granted.

**B.  Mr. Baranowski's capital expense opinions are untimely and irrelevant.**

BNSF contends that Mr. Baranowski only offered belated opinions regarding capital charges "as one example of how BNSF internally evaluates the potential profitability of a particular train movement, in order to rebut Mr. Fapp's suggestion that only variable costs and revenues—contribution—are relevant to the profitability of individual movements." Resp. at 11. But BNSF's internal accounting and management procedures for assessing potential movements are irrelevant to the determination of ill-gotten gains, and even BNSF agrees that "Mr. Baranowski did not offer the capital charge as a specific basis for this Court to calculate the disgorgement award." Resp. at 11. Because BNSF concedes that Mr. Baranowski's

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE EXPERT TESITMONY OF MICHAEL BARANOWSKI- 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

opinions on this issue will not assist the Court in fashioning an appropriate disgorgement award, they should be excluded.

### C. BNSF confuses admissibility with credibility.

In a curious response to the Tribe's motion to partially exclude Mr. Baranowski's testimony, BNSF asks the Court to affirmatively *adopt* one of his apportionment methodologies if the Court determines that apportionment is required. First, as the Tribe has elsewhere explained, apportionment is not required. Second, appointment is an equitable consideration left to the Court's discretion, and as a deduction, an issue on which BNSF bears the burden of proof. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 516 (9th Cir. 1985). By moving to exclude only specific, limited portions of Mr. Baranowski's testimony, the Tribe did not somehow concede that Mr. Baranowski's other opinions are legitimate and should be adopted by the Court. To the contrary, the Tribe is entitled to cross-examine Mr. Baranowski at trial and the Court may consider his admissible opinions in determining the appropriate disgorgement award. Further, the Tribe has offered the rebuttal testimony of Mr. Fapp to explain how and why Mr. Baranowski's apportionment methodologies cannot apply here. That the Tribe does not offer methodologies for making what it considers to be an inappropriate apportionment does not empower Mr. Baranowski to step into the Court's shoes as fact finder and arbiter of equity in a disgorgement proceeding. Instead, even if the Court determines that some apportionment is required, "the court . . . may make such apportionments . . . as reason and fairness dictate, consistent with the object of restitution. . .." What "reason and fairness dictate" lies in the Court's discretion, not Mr. Baranowski's opinions. If Mr. Baranowski's suggested apportionments are not equitable, they may not be awarded.

### CONCLUSION

For all the reasons set forth above and in the Tribe's Motion, the Court should exclude any testimony from Mr. Baranowski at trial pertaining to: alternative routes that BNSF may have, but did not use, to transport Bakken crude oil for the Tesoro/Marathon refineries during

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE EXPERT TESITMONY OF MICHAEL BARANOWSKI- 6

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

the trespass period, BNSF's current revenues and profits from transporting crude oil to Portland to be shipped by barge to Fidalgo, comparison between BNSF's current profits transporting crude oil to Portland and profits earned from its trespass over the Reservation between 2012 and 2021, or BNSF's estimated capital expense for the rail traffic at issue.

DATED this 26th day of April, 2024.

*I certify that this memorandum contains 1,876 words, in compliance with the Local Civil Rules.*

TOUSLEY BRAIN STEPHENS PLLC
By:  s/Christopher I. Brain
By: s/Chase C. Alvord
By: s/Rebecca L. Solomon
    Christopher I. Brain, WSBA #5054
    cbrain@tousley.com
    Chase C. Alvord, WSBA #26080
    calvord@tousley.com
    Rebecca L. Solomon, WSBA# 51520
    rsolomon@tousley.com
    1200 Fifth Avenue, Suite 1700
    Seattle, Washington  98101
    Telephone:  206.682.5600/Fax: 206.682.2992

OFFICE OF THE TRIBAL ATTORNEY, SWINOMISH INDIAN TRIBAL COMMUNITY

By:   /s/Stephen T. LeCuyer
    Stephen T. LeCuyer, WSBA #36408
    slecuyer@swinomish.nsn.us
    Weston R. LeMay, WSBA #51916
    wlemay@swinomish.nsn.us
    11404 Moorage Way
    LaConner, WA  98257
    Telephone:  360.466.1058
    Fax: 360.466.5309

***Attorneys for Plaintiff***

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE EXPERT TESITMONY OF MICHAEL BARANOWSKI- 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992