UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | Cause No. C15-0543RSL<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS IN LIMINE |

This matter comes before the Court on "Plaintiff's Motions in Limine." Dkt. # 250. Plaintiff argues that evidence and testimony regarding BNSF's transportation of crude oil from North Dakota to Fidalgo Bay by a route that does not cross the Reservation should be excluded as untimely and irrelevant.[1] BNSF argues that the Court resolved this issue in its favor when the Court denied plaintiff's motion to exclude the expert testimony of Michael Baranowski. BNSF is partially correct. While the Court determined that Mr. Baranowski's rebuttal opinions regarding the net profit that could have been made had BNSF not trespassed were timely

---

[1] The Court has already determined that BNSF may not offer expert testimony regarding other potential customers or destinations for Bakken crude. Plaintiff's motion to exclude that evidence is GRANTED.

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 1

disclosed, relevant, and based on sufficient facts or data, Dkt. # 261 at 2-3 and 6-7, it also noted that the data provided in the report was not entirely consistent, Dkt. # 261 at 6, n.4, and that the opinions were subject to cross-examination. The issue now before the Court is whether BNSF will be permitted to call additional witnesses or offer undisclosed documents in support of Mr. Baranowski's rebuttal opinions regarding allocation and the calculation of profits attributable to the trespass. Having reviewed the memoranda submitted by the parties, the Court finds as follows:

    As discussed in the "Order Regarding Motions for Summary Judgment," BNSF has the burden of showing that some portion of the net profits it earned from the shipment of Bakken crude to Fidalgo Bay should be apportioned because they "would have been realized in the absence of" the trespass. Dkt. # 260 at 5 (quoting Restatement (Third) of Restitution § 51, cmt. g). Mr. Baranowski's opinions regarding the profits attributable to two distinct segments of the North Dakota to Fidalgo Bay route were sufficient to avoid summary judgment on the issue, but plaintiff's motion in limine suggests some of the ways in which the weight to be given those opinions will be challenged at trial. If, as plaintiff argues, BNSF failed to disclose witnesses, documents, or other evidence related to the profitability of shipping only to the Columbia River, it will not be permitted to offer such evidence now if doing so would prejudice plaintiff. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). As with any document or

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 2

testimony offered into evidence at trial, the party offering the evidence must show compliance with the discovery disclosure rules.

For all of the foregoing reasons, Mr. Baranowski's testimony regarding the allocation of profits between the North Dakota to the Columbia River segment of the route and the Vancouver to Fidalgo Bay segment will be admitted into evidence. Whether BNSF may use documents or witnesses to support those opinions will be determined at trial.

Dated this 30th day of May, 2024.

Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 3