UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY,<br><br>            Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>            Defendant. | CASE NO. 2:15-cv-00543-RSL<br><br>ORDER REGARDING OUTSTANDING MOTIONS |

There are a number of motions still pending in this litigation. Having reviewed the papers submitted, heard the trail testimony, and reviewed the evidence admitted, the Court finds as follows:

1. Mr. Fapp was not asked to opine or otherwise testify regarding federal or state tax deductions that are available to Class 1 railroads or the financial impact of deductions for income taxes. BNSF's motion to exclude such testimony (Dkt. # 234 at 11-12) was taken under advisement (Dkt. # 262 at 4) and is hereby DENIED as moot.

2. BNSF has already filed its offer of proof regarding the allocation of fixed costs. Dkt. # 284. The stipulated motion to file the offer of proof under seal (Dkt. # 276) is therefore DENIED as moot.

3. BNSF's "Motion to Exclude or in the Alternative Permit Additional Witnesses" (Dkt. # 278) is DENIED in part and GRANTED in part. Both BNSF and plaintiff will be

permitted to call witnesses and present evidence regarding whether there was a viable option for shipping Bakken crude from Portland to Fidalgo Bay by barge during the trespass period and, if so, in what volumes.

       4. BNSF's "Motion to Exclude Untimely Expert Opinions of Mr. Fapp Regarding 'Portland Based Apportionment'" (Dkt. # 287) is DENIED. At the very end of expert discovery,[1] BNSF provided its expert with select documents and information which he used to opine (a) that BNSF had used its network of rails in 2021 to move Bakken crude to Portland for transshipment to Fidalgo Bay, thereby avoiding the trespass, and was able to earn 80% of its per car profits while doing so and (b) that BNSF could have adopted a similar route for getting product to Fidalgo Bay earlier. Dkt. # 236-3 at 21-22. Plaintiff moved to exclude these opinions as untimely and not proper rebuttal testimony. The Court, however, found that the opinions properly rebutted Mr. Fapp's implicit assertion that apportionment was not appropriate and that evidence of an alternative route which lawfully utilized BNSF's rail system to serve the Fidalgo Bay refineries, albeit at additional cost or loss, suggested that some portion of BNSF's profits were not attributable to the trespass. Dkt. # 260 and # 261. The motion to exclude was denied on May 20, 2024, two weeks before trial was scheduled to begin.

       Plaintiff immediately set out to gather information regarding the viability of transshipment from Portland to Fidalgo Bay throughout the trespass period. BNSF, however, wants to limit the record to what it chose to disclose to its expert regarding transshipments and has repeatedly moved to exclude any other evidence related to the Portland barge option as irrelevant or untimely. BNSF cannot have it both ways: it cannot throw out the possibility of a non-trespassing alternative at the last minute, seeking credit for the lawful use of portions of its rail network, while depriving plaintiff of the ability to

---

[1] Fact discovery closed more than three months earlier.

ORDER REGARDING OUTSTANDING MOTIONS - 2

show that the alternative did not actually exist throughout much of the trespass period. BNSF had in its possession all of the relevant information regarding delivery of Bakken crude for transloading to Fidalgo Bay. It knew when it began shipping product to Portland (rather than direct to Fidalgo Bay), it knew how much it earned for delivering the crude only part way, and it knew when transloading became available and financially attractive. It chose to disclose only a fraction of this evidence to its expert for inclusion in his rebuttal report and did not produce it to plaintiff at all. In this context, BNSF's arguments that only the 2021 data is relevant and that only its rebuttal disclosures (which occurred long after fact discovery had closed) were timely ring hollow.

      Plaintiff has made Herculean efforts to locate and evaluate evidence related to the availability of transshipping options from 2012 through the end of the trespass on an extremely compressed timeline. Both sides have identified and called witnesses at trial to testify regarding whether and to what extent transshipping was a legitimate option between May 2012 and September 2021. Plaintiff then asked its expert to assume, based on the new evidence, that transshipping was available for some periods of time and some volumes and to perform the calculations necessary to show how transshipment would have impacted BNSF's profits. Neither the substance nor the timing of Mr. Fapp's new calculations were surprising in these circumstances, and the disclosure of the new calculations at this point is substantially justified. In order to avoid any potential prejudice, BNSF was given an opportunity to depose Mr. Fapp regarding his calculations of the profit BNSF could be expected to have earned from the shipment of Bakken crude to the Fidalgo Bay refineries had it confined itself to the lawful use of its rail network. Trial reconvened after the deposition was completed.

      5. BNSF's second *Daubert* challenge to Mr. Fapp's regarding the Portland-based apportionment of profits, Dkt. # 290, is DENIED.  Whether the assumed facts that underlie

ORDER REGARDING OUTSTANDING MOTIONS - 3

Mr. Fapp's calculations are appropriately supported by the evidence that has been admitted at trial goes to the weight of his testimony, not its admissibility.

Dated this 14th day of June, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER REGARDING OUTSTANDING MOTIONS - 4