UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY,<br><br>  Plaintiff,<br>  v.<br><br>BNSF RAILWAY COMPANY,<br><br>  Defendant. | CASE NO. 2:15-cv-00543-RSL<br><br>ORDER DENYING MOTION FOR REDACTIONS |

This matter comes before the Court on "Defendant BNSF Railway Company's Unopposed Motion Requesting Redaction of Sensitive Business Information" from the trial transcripts lodged by the court reporter on June 13, 2024. Dkt. # 308. BNSF cites as authority for the request Amended General Order 15-15, which was issued to ensure that electronically-filed transcripts of court proceedings are redacted to protect certain personally identifiable information, such as social-security numbers, taxpayer-identification numbers, birth dates, the names of minor children, and financial-account numbers. *See* Fed. R. Civ. P. 5.2(a). While the General Order and Rule 5.2 both authorize requests for additional redactions, Rule 5.2 requires a showing of good cause for such redactions and the Committee's Notes suggest that additional redactions are appropriate

ORDER DENYING MOTION FOR REDACTIONS - 1

only where the information is of the same type as that specifically covered by the Rule. Fed. R. Civ. P. 5.2 committee's notes (2007) ("It may also be necessary to protect information not covered by the redaction requirement—such as driver's license numbers and alien registration numbers—in a particular case.").

As a general matter, the Court has doubts that General Order 15-15 can be used to shield from public view anything other than personally identifiable information. Even if it could, however, it would not be appropriate to do so here. During pretrial proceedings, the Court repeatedly warned BNSF that if the case went to trial, the information it now seeks to redact would likely become public. Nevertheless, BNSF made no effort to limit public or media access to the courtroom during the proceeding. More importantly, the information at issue is not simply extraneous facts or data with little relevance to the finder of fact. BNSF seeks to redact information regarding:

- the number of local trains/cars crossing the Reservation
- the number of trespassing local trains/cars
- the average length of the trains crossing the Reservation
- the number of trains/cars carrying crude
- Baranowski's income tax calculation
- the experts' time value of money calculations
- operational and fixed costs
- Baranowski's various apportionment calculations
- revenue and profit numbers
- the number of cars transshipped through Zenith in 2022 and the profits therefrom
- Fapp's calculations of contribution arising from the Portland to Fidalgo leg

ORDER DENYING MOTION FOR REDACTIONS - 2

This information was critical to the Court's understanding of the scope of the trespass and the profits arising therefrom. Redacting numbers that go to the heart of the damages calculation would leave the public without any means of understanding the Court's order.[1] In the absence of a strong showing that BNSF will face significant competitive harm from further disclosure of this already-public information, redacting critical information from the trial transcript is not warranted or justified.

For all of the foregoing reasons, the request for redactions to the trial transcript (Dkt. # 308) is DENIED.

Dated this 24th day of July, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The exhibits admitted at trial are not part of the docket and will be returned to the parties once the case is finally resolved. If BNSF's motion to redact were granted, it would shield from public view the only evidence that will remain in support of the Court's calculations.

ORDER DENYING MOTION FOR REDACTIONS - 3